**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39180**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 544 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 28, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID CHARLES MITCHELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying motion for correction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

David Charles Mitchell was charged with possession of cocaine, I.C. § 37-2732(c)(1), and Part II of the information alleged an I.C. § 37-2739 sentence enhancement of up to twice the sentence otherwise authorized because Mitchell had multiple prior felony drug convictions. Mitchell entered into a plea agreement that was binding on the court, pursuant to Idaho Criminal Rule 11(f)(1)(C), by which he agreed to a unified ten-year sentence with a three-year determinate term. The agreement also called for the court to retain jurisdiction. Although the written plea agreement prepared by defense counsel was drafted as an agreement to plead guilty to a first offense possession of a controlled substance, it was altered by interlineation at the plea hearing to provide that Mitchell was pleading guilty to the possession charge as a second or subsequent

1

offense. The district court explained to Mitchell that the charge of possession of cocaine as a second offense carried the maximum penalty of fourteen years in the state penitentiary, and Mitchell indicated that he understood this maximum penalty. During the course of the plea hearing, the following colloquy occurred between the court and Mitchell:

> THE COURT: Then, Mr. Mitchell, to the charge of possession of cocaine and understanding that this also carries a Part II, meaning, that this is at least a second offense drug felony for you, how do you plead?
> THE DEFENDANT: Guilty, sir.

The district court accepted the plea and imposed the agreed-upon sentence of ten years with three years determinate, with the court retaining jurisdiction. At the conclusion of the retained jurisdiction term, the district court suspended Mitchell's sentence and placed him on probation. Mitchell subsequently violated the terms of his probation, however, and the court revoked probation and ordered execution of the underlying sentence.

Nearly a year later, Mitchell filed a motion under Idaho Criminal Rule 35 for correction of his sentence, contending that the sentence was illegal in that it exceeded the maximum sentence allowable by law. He asserted that the maximum punishment for his crime was seven years, not ten. The district court denied the motion, noting that Mitchell's guilty plea included the sentence enhancement alleged in Part II of the information and that his sentence was therefore well within the maximum allowed by law. Mitchell appeals.

The maximum sentence for a first offense of the type to which Mitchell pleaded guilty is seven years' incarceration, I.C. § 37-2732(c)(1), but for a second or subsequent drug offense, the sentence may be enhanced for a term up to twice the term otherwise authorized. I.C. § 37-2739(a). Mitchell's sentence was therefore not illegal.

On appeal, Mitchell makes no argument to the contrary but instead states, "Mindful that the district court was authorized to impose the ten-year sentence, Mr. Mitchell requests this Court reverse the district court's order denying his motion to correct an illegal sentence."

Mitchell having demonstrated no error in the district court's determination that his sentence is legal, the district court's order denying Mitchell's motion to correct an illegal sentence is affirmed.